**Luis Erwin HUERTAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73254.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 10, 2011.*

Filed Jan. 19, 2011.

John E. Ricci, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Nehal Kamani, OIL, Emily Anne Radford, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Luis Erwin Huertas, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that Huertas did not establish past persecution based on the threats to the organization where he worked, and the incident when unidentified armed men stopped him in his car. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000).

Substantial evidence also supports the agency's determination that Huertas

failed to demonstrate a well-founded fear of future persecution because it is too speculative he will be persecuted in Peru on account of a protected ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (record evidence did not show petitioner had objectively reasonable basis for future fear). Accordingly, Huertas' asylum claim fails.

Because Huertas failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

